CONSTRUCTION EQUIPMENT CORPORATION, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada.

*Numero*: CI-62-7          *Resuelto*: 2 de mayo de 1963

*Celestino Morales, Jr.,* y *Antonio R. Barceló, Jr.,* abogados de la recurrente; *Donald R. Dexter* y *Angel De Jesús Matos,* abogados del Administrador del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

La Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 y ss., ordena al Administrador del Fondo del Seguro del Estado a preparar anualmente "una lista de clasificaciones de acuerdo con los oficios o industrias" a los que se refiere la Ley, y a fijar las primas para cada clase de oficio o industria, 11 L.P.R.A. sec. 24.

En 26 de septiembre de 1961 un empleado de la recurrente sufrió unas lesiones con motivo de un accidente del trabajo. La Comisión Industrial, mediante Resolución de 2 de mayo de 1962, aprobada con dos votos a favor y uno en contra, sostuvo al Administrador del Fondo y declaró patrono no asegurado a la recurrente. Desde el año 1956 la recurrente viene pagando primas al Fondo por una póliza bajo la clasificación o clave "8232–344, Materiales y Equipo de Construcción". Como el accidente ocurrió en septiembre de 1961 al mismo le es aplicable el Manual de Clasificación de Oficios e Industrias en vigor desde 1 julio 1961 hasta 30 junio 1962. A ese Manual le sigue

el que rigió desde 1 julio 1962 hasta 30 junio 1963, y así sucesivamente. Estos Manuales son la clasificación de oficios e industrias y de tipos de seguro que el Administrador prepara anualmente en cumplimiento de la antes citada disposición de ley. *Cardona* v. *Comisión Industrial*, 79 D.P.R. 672, 674 (1956).

█ Sostiene la Comisión que aunque el patrono tenía una póliza el riesgo de que se trata en este caso no estaba cubierto por dicha póliza porque la clasificación 8232–344 (la de la póliza en vigor) cubre sólo operaciones de venta y almacenaje de materiales y equipo de construcción y el obrero se lesionó mientras trabajaba en la preparación de concreto premezclado y este riesgo cae bajo la clasificación 5213–273, Construcción con Hormigón, Ladrillos o Bloques de Hormigón. La contención de la Comisión tiene algunos visos de realidad pero no podemos estar de acuerdo con ella por las razones que pasamos a explicar.

Como dijimos antes, la recurrente está asegurada y viene pagando primas desde el 1956. Del récord surge que hubo prueba, no contradicha, al efecto de que cuando la recurrente instaló la planta de hacer concreto premezclado en el Barrio Sabana Llana de Río Piedras, solicitó una ampliación de su póliza al Fondo y le informaron que no era necesario porque ya estaba cubierta bajo la clave 8232. Sin embargo, continuó declarando el testigo Sr. Martín, Contralor de la recurrente, cuando adquirieron la cantera le extendieron la ampliación de la póliza para ese otro riesgo. Como se verá más adelante, para esa fecha no existía ninguna clave que incluyese específicamente el negocio de hacer concreto premezclado; ahora sí la hay.

Para la época del accidente las dos clasificaciones o claves aquí envueltas eran las siguientes:

"*8232–344.* Materiales y Equipo de Construcción, Venta y/o almacenaje de . . . Incluye la reparación y conservación de . . . Incluye además, carreteros, choferes y sus ayudantes.

Esta clasificación se aplicará a establecimientos que se dediquen a la venta y/o almacenaje de materiales y equipo de construcción y a los acerbos de idem con ubicación fija. No incluye el almacenaje de materiales y equipo incidental a una construcción."

"*5213-273.* Hormigón, Ladrillos o Bloques de Hormigón, Construcción o reparación de casas, edificios, o chimeneas de . . N.I.C. . . . Incluye la construcción de cimientos, andamiajes, torres para distribución del hormigón y techado. Comprende, además, esta clasificación todas las operaciones de construcción o reparación de puentes y alcantarillas de camino y a los carreteros, choferes y sus ayudantes . . .

Excavaciones, hinca de pilotes, extracción de grava y perforación de túneles se considerarán incluídas excepto cuando no formen parte del contrato general de una obra o se subcontraten . . ."

La recurrente estaba asegurada bajo la clave 8232, antes descrita, y se sentía así protegida por su póliza. Fue con motivo del accidente que el Administrador y la Comisión le informan que el riesgo de hacer concreto mixto no está cubierto bajo esa clave sino bajo la clave 5213 que incluye la construcción y reparación de casas, edificios, chimeneas, estructuras, puentes, alcantarillas, caminos, etc. Es cierto que fabricar concreto premezclado no es una actividad de venta pero tampoco constituye una actividad de construcción de la naturaleza que hemos mencionado y que eran las actividades de construcción que cubría entonces la clave 5213. Aunque la fabricación de concreto premezclado no es una actividad de venta, sino industrial, entre las dos claves mencionadas se asimilaba más a la clave 8232 que trata de materiales de construcción. Es sabido que el concreto premezclado es un material de construcción pues no es un producto que se fabrica con el solo propósito de dejarlo tal cual se produce. Se produce para hacer obras con él.

▪ Tan cierto es lo que acabamos de expresar que cuando el Administrador preparó el nuevo Manual de Clasificaciones de Oficios e Industrias y de Tipos de Seguro, para regir desde

el primero de julio de 1962 a 30 de junio de 1953 incluyó "la fabricación, manipulación y transportación del cemento premezclado" en su nueva descripción de la clave 5213. [1] Esa discreción la tiene el Administrador, *Cardona* v. *Comisión,* supra, a la pág. 676, pero la misma obliga a la recurrente luego de ejercida oficialmente por el Administrador y no antes. Si las claves 5213 y 8232 hubiesen estado redactadas para la época del accidente como lo están ahora con toda probabilidad la decisión de este caso hubiese sido distinta, pero a base de las descripciones de esas claves como existían para la fecha del accidente y de las demás circunstancias de este caso que surgen del récord, concluimos que la Comisión Industrial erró y que el patrono recurrente estaba asegurado en lo que se refiere al caso de autos.

*Se revocarán las resoluciones de la Comisión Industrial de 2 de mayo de 1962 y de 31 de mayo de 1962.*

---

[1] Dicha clave 5213-273 ahora está descrita como sigue: "Construcción con Hormigón, Ladrillos o Bloques de Hormigón, Incluye la construcción o reparación de casas, edificios, chimeneas, o estructuras de. . . N.I.C. . . . Incluye además, la construcción de andamiajes, montura y operación de torres para la distribución del hormigón, y la fabricación, manipulación y transportación del cemento premezclado. Comprende, asimismo, esta clasificación todas las operaciones de construcción o reparación de puentes y alcantarillas de caminos así como los carreteros, choferes y sus ayudantes . . . . Excavaciones, hinca de pilotes, extracción de grava y perforación de túneles se considerarán incluídas excepto cuando no formen parte del contrato general de una obra o se sub-contraten . ."